**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JOSEPH DONO,                                                          CASE NO.:

    Plaintiff,

v.

FERMAN MOTOR CAR COMPANY, INC.,
a Florida profit corporation,

    Defendant

_____/

## **COMPLAINT**

Plaintiff, JOSPEH DONO, sues Defendant, FERMAN MOTOR CAR COMPANY, INC. ("FERMAN"), and alleges:

### **Jurisdiction and Venue**

1. Plaintiff is an individual who is over the age of eighteen.

2. Plaintiff resides in Hillsborough County, Florida.

3. FERMAN operates car dealerships throughout the Tampa area.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action involves federal questions regarding the Plaintiff's rights under the Families First Coronavirus Response Act ("FFCRA") and Emergency Paid Sick Leave Act ("EPSLA"),

1

which are enforced through sections 15(a)(3), 16 and 17 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216-217. *See* 29 C.F.R. § 826.150.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and Middle District of Florida Local Rule 1.02 because the events at-issue occurred in the Middle District of Florida.

## Background

6. Congress enacted the FFCRA, in part, to safeguard employees impacted by the COVID-19 pandemic ("COVID-19).

7. FERMAN is subject to the FFCRA.

8. Among the FFCRA's protections is the EPSLA.

9. The EPSLA mandates covered employers to provide up to two (2) weeks of paid sick leave and job protection for employees who, among other things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

10. Additionally, 29 C.F.R. § 826.150 prohibits employers from discharging, disciplining, or discriminating against ant employee because employee took paid sick leave under the EPSLA.

11. Likewise, an Employer is prohibited from discharging, disciplining, or discriminating against any Employee because such Employee has filed any complaint or instituted or caused to be instituted any proceeding, including an enforcement proceeding, under or related to the EPSLA, or has testified or is about to testify in any such proceeding.

12. Plaintiff was hired by FERMAN in September 2019 as a Finance Manager.

13. On April 7, 2020, Plaintiff began to feel ill with a high fever and flu-like symptoms.

14. On April 11, 2020, Plaintiff informed his manager, Hector Colon ("Colon"), via text message, that he had become increasingly ill. See Exhibit "A" attached here to.

15. Plaintiff was experiencing a sore throat and increasing cough.

16. Plaintiff sought medical care at a MedExpress facility on April 13, 2020. See Exhibit "B" attached here to.

17. Based on his symptoms, the MedExpress facility screened Plaintiff for COVID-19.

18. Plaintiff was instructed by MedExpress to follow CDC Guidelines.

19. Specifically, Plaintiff was instructed Plaintiff to self-isolate for 14 days.

20. Plaintiff immediately informed Colon of the instructions he received from MedExpress.

21. On April 23, Mr. Dono was informed that his test for COVID-19 was negative, but the MedExpress believed the result was a "false negative." See Exhibit "C" attached here to.

22. Despite the uncertainty of Plaintiff's test, MedExpress cleared him to return to work.

23. Plaintiff provided Colon the return to work note by text message on April 23, 2020.

24. Plaintiff also provided the same return to work note to Jimmy Larkin, Assistant General Manager on April 24, 2020. See Exhibit "D" attached here to.

25. After keeping the Company informed of his whereabouts and COVID-19 issues, Plaintiff went to work on Friday April 24, 2020 and Saturday April 25, 2020.

26. Plaintiff was scheduled off Sunday April 26, 2020.

27. Plaintiff worked for Defendant again on Monday April 27, 2020 and Tuesday, April 28, 2020.

28. On April 29, 2020, Mr. Dono was terminated.

29. Plaintiff was terminated for allegedly being a "no call-no show" for an extended amount of time.

30. Upon information and belief, staff members of the Defendant were openly discussing Plaintiff's COVID-19 diagnosis and status while he was in quarantine.

31. Defendant interfered with Plaintiff's rights under FFCRA and EPSLA.

32. Defendant retaliated against Plaintiff in violation of his rights under FFCRA and EPSLA.

## **COUNT I – VIOLATION OF THE FFCRA/EPSLA**

33. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 32 above as if fully set forth herein.

34. The EPSLA requires employers to provide up to two weeks of paid sick leave and job protection for employees who, among other things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

35. These paid leave provisions apply to leave taken between April 1, 2020, and December 31, 2020.

36. Paid sick time under the EPSLA must be granted in addition to any pre-existing paid leave benefits provided.

37. The EPSLA also prohibits employers from requiring employees to use or exhaust their paid time off before availing themselves of paid leave under the Act.

38. Plaintiff was entitled to up to two weeks (or 80 hours) of paid sick leave pursuant to the EPSLA because he was advised by a health care provider to self-isolate (and was required

to do so by governmental order) due to his COVID-19 diagnosis.

39. Yet, FERMAN blatantly disregarded its obligations under the EPSLA and forced Plaintiff to use his paid time off for his entire absence.

40. This is a direct violation of EPSLA's requirements.

41. An Employer who fails to provide its Employee Paid Sick Leave under the EPSLA is considered to have failed to pay the minimum wage as required by section 6 of the FLSA, 29 U.S.C. 206, and shall be subject to the enforcement provisions set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

42. FERMAN's violation of the EPSLA's requirements was willful.

43. As a direct and proximate result of FERMAN's violation of the EPSLA, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any practice which violates the FFCRA or EPSLA;

b. Order Defendant to make Plaintiff whole, by compensating Plaintiff for unpaid sick leave wages, lost wages and benefits, including front pay, back pay with prejudgment interest, liquidated damages, and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to the loss of his long-term employment as a result of Plaintiff's diagnosis and taking of sick leave;

c. Award attorney's fees and costs pursuant to FFCRA and EPSLA;

d. Award punitive damages; and

e. Award any other relief this Honorable Court deems just and proper.

## COUNT II – RETALIATION UNDER THE FFCRA

44. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 32 above as if fully set forth herein.

45. The EPSLA prohibits employers from discharging or otherwise discriminating against any employee because the employee took qualifying paid sick leave.

46. Plaintiff took qualifying sick leave due to COVID-19.

47. Plaintiff's sick leave due to COVID-19 was protected activity.

48. Despite the EPSLA's requirements, FERMAN unlawfully terminated Plaintiff after he took leave as a result of his COVID-19 diagnosis.

49. An Employer who discharges, disciplines, or discriminates against an Employee in the manner described in subsection 29 CFR § 826.150 (a) is considered to have violated section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

50. FERMAN violated Plaintiff's right under the EPSLA and FLSA.

51. Plaintiff's termination was an adverse employment action.

52. A causal connection exists between Plaintiff's protected activity and adverse employment action.

53. As a direct and proximate result of FERMAN's retaliation, Plaintiff suffered damages.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

    a. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any practice which violates the FFCRA or EPSLA;

      b. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, liquidated damages, and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to the loss of his long-term employment as a result of Plaintiff's diagnosis and taking of sick leave;

      c. Award attorney's fees and costs pursuant to FFCRA and EPSLA;

      d. Award punitive damages; and

      e. Award any other relief this Honorable Court deems just and proper.

## **JURY TRIAL**

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated this __30th__ day of September, 2020.

                Respectfully submitted,

                s/ Carlos Leach_____
                Carlos Leach, Esquire
                FBN:0540021
                The Leach Firm, P.A.
                631 S. Orlando Ave., Suite 300
                Winter Park, FL 32789
                Telephone: (407) 574-4999
                Facsimile: (833) 423-5864
                Email: cleach@theleachfirm.com
                Email: maugello@theleachfirm.com
                Attorneys for Plaintiff